Antonio PECK, A Minor, by and through his parents and next friends, Jo Anne Peck and Kenley Lester Peck, Plaintiff–Appellant,

v.

BALDWINSVILLE SCHOOL BOARD OF EDUCATION, Catherine McNamara Elementary School, Robert Creme, Individually and in his Official Capacity as Principal of Catherine McNamara Elementary School, Theodore Gilkey, Individually, and in his Official Capacity as Superintendent for Baldwinsville School Board of Education, Defendants–Appellees.

Docket No. 00–9054.

United States Court of Appeals, Second Circuit.

March 28, 2001.

Mathew Staver, Liberty Counsel, Longwood, FL; Brian Raum, Esq., New York, NY, on the brief, for appellant.

Louis Orbach, Bond, Schoeneck & King, LLP, Syracuse, NY, for appellees.

Present CARDAMONE, LEVAL and KATZMANN, Circuit Judges.

SUMMARY ORDER

Plaintiff Antonio Peck, by his parents, appeals from the district court's grant of summary judgment, dismissing his claim that his rights to free speech and free exercise of religion, as well as his rights under the Equal Protection Clause and the Establishment Clause, were violated by the defendants.

Peck, a kindergarten student, had received an assignment to make an "environmental poster" that would be displayed at the school's environmental program. In response to this assignment, Peck produced a poster featuring a picture of Jesus praying, titled with the legend, "The only

way to save our word!", the statement, "Prayer Changes Things," two children on a rock with the word "Savior," the Ten Commandments, and numerous other religious images, none relating in any direct way to the environment. Peck and his mother were told by his teacher that he could not hang his poster and that he would have to prepare another poster.

Peck then prepared a second poster. This poster included a church, two children on the lawn of the church placing trash in trash bins, figures holding hands around a globe, and two figures placing items in a bin showing a recycling logo. On the left side of the poster was a robed, bearded figure, resembling Jesus Christ (but not identified), with eyes and hands raised toward the sky. (Plaintiff concedes he intended the figure to represent Jesus Christ). The defendants displayed this poster, but folded under the left side of the poster so that the Christ figure was obscured.

Peck filed this action, alleging that the defendants' rejection of his first poster and the folding of his second violated his constitutional rights. Defendants moved to dismiss under Fed.R.Civ.P. 12(b)(6) for failure to state a claim, accompanied by an affidavit of Susan Weichert, Peck's teacher. Plaintiffs opposed this motion and filed an affidavit of Jo Anne Peck, Peck's mother. After oral argument, during which the motion was referred to only as one under 12(b)(6), the district court filed its decision, converting the motion to dismiss into a motion for summary judgment and granting summary judgment to defendants on all claims. The court entered judgment the following day.

On appeal, Peck contends, *inter alia*, that the district court erred by converting the motion into one for summary judgment without giving him adequate opportunity to take discovery. *See* Fed.R.Civ.P. 12(b).

Peck identifies several ways in which he was prejudiced by the conversion, and suggests additional discovery that he would have requested, had he been given adequate notice that defendants' motion to dismiss was going to be considered as a motion that would finally dispose of the case. In particular, Peck asserts his wish to depose and address interrogatories to defendants in order to elucidate their motivations for taking the actions of which he complains.

We agree with Peck's contention. Defendants' motion to dismiss was filed prior to answering and prior to the taking of any discovery. Rule 12(b) expressly cautions that when a court converts a motion under 12(b)(6) for failure to state a claim to one under Rule 56 for summary judgment, all parties "shall be given reasonable opportunity to present" all pertinent materials. While plaintiff may have been technically aware that the defendants' inclusion of an affidavit and plaintiff's inclusion of a responding affidavit among the motion papers raised the possibility that the motion might be converted to one under Rule 56, *see Gurary v. Winehouse,* 190 F.3d 37, 42–43 (2d Cir.1999), the record suggests that the plaintiff was surprised by the conversion and effectively prevented thereby from taking pertinent discovery. Promptly after the entry of judgment, plaintiff moved for reconsideration, arguing that the court's procedure had deprived plaintiff of the opportunity to take discovery and present evidence relevant to a motion for summary judgment.

While the defendants contend the rejection of the first poster and the folding of the second one were justified by legitimate pedagogical concerns, in that defendants argue the religious imagery was not responsive to the assignment to make a poster about the environment, we believe that the discovery to be taken by plaintiff is at

least theoretically capable of affecting the result of the case. For example, plaintiff's discovery of the teacher or of the school principal (who apparently shared in the decision not to post plaintiff's first poster and to fold the second) might reveal that they took these actions because of animus or hostility toward Christianity or toward religion generally. If the evidence, construed in the light most favorable to plaintiff, were to demonstrate such motivating animus or hostility, the case would be very different from a motivation stemming from a legitimate pedagogical concern, such as the responsiveness of the poster to the assignment. In addition, defendants' contention that the poster was not responsive to the assignment would be better assessed after further discovery regarding the exact nature of the assignment. We believe plaintiff was entitled to a reasonable opportunity to take such discovery, and that the court's abrupt conversion to summary judgment deprived plaintiff of that opportunity.

We do not suggest by this ruling, as plaintiff argues, that regardless of the evidence, the case is not amenable to summary judgment. If after full opportunity for discovery, the evidence viewed in the light most favorable to plaintiff shows that there is "no genuine issue as to any material fact and that the [defendants are] entitled to judgment as a matter of law," Fed.R.Civ.P. 56(c), we see no reason why summary judgment should not be granted.

ON CONSIDERATION WHEREOF, IT IS HEREBY ORDERED, ADJUDGED AND DECREED that the judgment of the District Court be and it hereby is VACATED and REMANDED.